IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL
UNION 29, AFL-CIO,

        Plaintiff

v.

ENERGY HARBOR NUCLEAR
CORPORATION,

        Defendant

NO. 2:23-cv-761

JUDGE: HON. MAUREEN P. KELLY

## ANSWER TO COMPLAINT TO COMPEL ARBITRATION

Defendant Energy Harbor Nuclear Corporation ("Defendant" or "EH"), by and through counsel, for its Answer to the Complaint of Plaintiff International Brotherhood of Electrical Workers, Local Union 29, AFL-CIO ("Plaintiff" or "Local 29"), responses and answers as follows:

## INTRODUCTION

1. EH admits that EH and Local 29 are parties to a collective bargaining agreement with a term from October 1, 2021 to September 30, 2024 (the "CBA"). Further answering, EH states that the CBA speaks for itself.

2. EH admits that the Union filed Grievance #22-2100 (the "Grievance") on August 18, 2022. EH denies that the Grievance alleged that the Company violated certain terms of the CBA.

3. EH admits the allegations contained in Paragraph 3 of the Complaint.

4. EH admits that it has disputed the arbitrability of the Grievance on the grounds that the Grievance does not have any basis in the CBA, as required under the

CBA for arbitrability. EH denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. Further answering, EH denies that the Grievance was based on any provision of the CBA. EH further denies that the Grievance falls within the scope of the CBA's grievance arbitration provision. EH denies the remaining allegations contained in Paragraph 5 of the Complaint to the extent that they identify Local 29's subjective legal argument for raising the claim contained herein for lack of personal knowledge.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint states several legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

## THE PARTIES

8. Paragraph 8 of the Complaint states several legal conclusions to which no response is required. To the extent a response is required, EH denies the allegations contained in Paragraph 8 relating to Local 29's office and principal place of business for lack of personal knowledge.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, EH admits the allegations contained in Paragraph 9 of the Complaint.

10. EH admits the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, EH admits the allegations contained in Paragraph 12 of the Complaint.

13. EH states that Article IX of the CBA speaks for itself. To the extent a response is required, EH admits that Article IX, Section A of the CBA specifically addresses only those disputes arising "between the Company and the Union or its members as to the interpretation, application, or operation" of a specific provision of the CBA.

14. EH states that Article IX of the CBA speaks for itself. To the extent a response is required, EH admits that Article IX, Section F.1 provides for final and binding arbitration of only those disputes described in Article IX, Section A, which are those disputes arising "between the Company and the Union or its members as to the interpretation, application, or operation" of a specific provision of the CBA.

15. EH states that Article X of the CBA speaks for itself. EH denies the allegations in Paragraph 15 that purport to characterize the parties' intent in incorporating Article X into the CBA.

## FACTUAL BACKGROUND

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, EH admits the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. Further answering, EH states that the CBA speaks for itself. To the extent a response is required, EH admits the remaining allegations contained in Paragraph 17 of the Complaint.

18. EH states that Article VIII of the CBA speaks for itself. To the extent a response is required, EH admits the allegations contained in Paragraph 18 of the Complaint.

19. EH states that Article VIII.C.2.(a) of the CBA speaks for itself. To the extent a response is required, EH admits the allegations contained in Paragraph 19 of the Complaint.

20. EH admits that the Union opted out of the Company's Health Care Plan portion of the Company's Flexible Benefits Plan for calendar year 2022. Further answering, EH states that Article VIII.C.2 of the CBA speaks for itself.

21. EH admits that the Grievance expressly disputes application not of any provision of the CBA, but EH's "satisf[action of] arbitration award FMCS Case No. 21022-04248" (the "Arbitration Award"). EH denies that its calculation of opt out payments for 2022 did or even could have violated the Arbitration Award, as the Arbitrator explicitly specified in her June 3, 2022 Order on Unions' Motion to Implement the Award that the Arbitration Award did not apply beyond the 2021 benefit year. EH denies the remaining allegations contained in Paragraph 21 of the Complaint to the extent that they identify the relief sought by Local 29 in filing the Grievance for lack of personal knowledge.

22. EH denies knowledge sufficient to form a belief as to whether the letter attached to the Complaint as Exhibit C is a true and accurate copy of the January 1, 2023 letter referenced in Paragraph 22 of the Complaint. Further answering, EH states that the January 1, 2023 letter speaks for itself.

23. EH admits that arbitration under the CBA is final and binding. EH states that the January 1, 2023 letter speaks for itself. EH denies that the January 1, 2023 letter was a valid and proper means to invoke the CBA's arbitration procedure, or that the letter required EH to process the Grievance to arbitration, because the Grievance did not constitute a dispute arising "between the Company and the Union or its members as to the interpretation, application, or operation" of a specific provision of the CBA, as required for application of the CBA's grievance arbitration provision.

24. EH admits that EH, through counsel, issued a March 10, 2023 letter to Local 29. EH states that the March 10, 2023 letter speaks for itself. Further answering, EH denies knowledge sufficient to form a belief as to whether the letter attached to the Complaint as Exhibit D is a true and accurate copy of the March 10, 2023 letter referenced in Paragraph 24 of the Complaint. EH admits that the March 10, 2023 letter identified the basis for EH's position that the express grievance arbitration language of the CBA precluded arbitration of the Grievance.

25. EH states that the March 10, 2023 letter speaks for itself. Further answering, EH admits that the March 10, 2023 letter identified the basis for EH's position that the express grievance arbitration language of the CBA precluded arbitration of the Grievance. EH denies the characterization of the March 10, 2023 letter's assertions as incorrect. EH denies that the Grievance, which expressly disputed only EH's

"satisf[action of] arbitration award FMCS Case No. 21022-04248," addressed an alleged violation of any provision of the CBA.

26. EH admits that Local 29 issued a letter through counsel on March 20, 2023. Further answering, EH states that the March 20, 2023 letter speaks for itself.

27. EH states that the March 20, 2023 letter speaks for itself. EH denies that the Grievance alleged that "the Company was not paying the correct amount to honor its contractual obligation for 2022," as the Grievance disputed only EH's "satisf[action of] arbitration award FMCS Case No. 21022-04248" (the "Arbitration Award"), which was expressly limited to the 2021 benefit year in the Arbitrator's June 3, 2022 Order on Unions' Motion to Implement the Award.

28. EH states that the CBA speaks for itself. EH denies that the Grievance, which expressly invokes an alleged violation of the Arbitration Award as its basis, raises any dispute under the terms of the CBA.

29. EH states that the March 20, 2023 letter speaks for itself.

30. EH states that the Grievance speaks for itself. EH admits that the Grievance disputes whether EH's calculation of health insurance contributions complies not with a provision of the CBA, but instead with the Arbitration Award. EH denies that the Grievance relies on any alleged violation of the CBA, or that the allegations in the Grievance render the Grievance within the scope of the CBA's grievance arbitration provision.

31. EH admits that EH, through counsel, issued a March 29, 2023 letter to Local 29. EH states that the March 29, 2023 letter speaks for itself. EH admits that the

March 29, 2023 letter identified the basis for EH's position that the express grievance arbitration language of the CBA precluded arbitration of the Grievance.

32. EH admits that it maintains its position that the Grievance, which disputes only the 2022 application of an extra-contractual Arbitration Award which was further expressly limited to apply only to 2021 by the Arbitrator, is plainly not arbitrable under the CBA's grievance arbitration provision.

## COUNT I – COMPLAINT TO COMPEL ARBITRATION

33. Defendants repeat and reallege their answers in Paragraphs 1 through 32 above as if fully incorporated herein.

34. EH states that the Grievance speaks for itself. EH admits that the Grievance disputes whether EH's calculation of health insurance contributions complies not with a provision of the CBA, but instead with the Arbitration Award. EH denies that the Grievance relies on any alleged violation of the CBA, or that the allegations in the Grievance render the Grievance within the scope of the CBA's grievance arbitration provision.

35. EH admits that arbitration under the CBA is final and binding. EH denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. EH states that the CBA speaks for itself and denies any characterization of the CBA's grievance arbitration provision which does not accurately cite the precise language of that provision. EH denies that it made a contractual promise to arbitrate grievances which dispute the application of an extra-contractual Arbitration Award that was expressly limited in temporal scope so as to *not* apply to the benefit year complained of in the Grievance, as arbitrating such a dispute would be patently outside the scope of

the CBA's grievance arbitration provision. EH denies that Local 29 and its members are entitled to arbitrate the Grievance as a benefit of their contractual bargain.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required.

38. EH denies the allegations contained in Paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

While specifically denying any liability to Plaintiff, EH asserts each of the separate affirmative defenses set forth below. EH expressly reserves the right to amend its Answer to assert further affirmative defenses, as additional facts are obtained in discovery and its investigation, which is ongoing. EH does not intend to concede or imply that any of the defenses set forth below are affirmative defenses for which EH bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. EH at all times fully performed under the CBA with Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

3. The relief sought by Plaintiff, arbitration of the Grievance, cannot be awarded because the Grievance is not substantively arbitrable.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint fails to set forth the statutory or common law basis for the relief sought.

### FIFTH AFFIRMATIVE DEFENSE

5. A "Complaint to Compel Arbitration," unlike a "Petition to Compel Arbitration," is not a cognizable form of pleading under which a federal court may properly issue an order granting arbitration.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff has failed to state a proper claim for attorneys' fees or costs associated with this action.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's Complaint and the underlying Grievance dispute only the application of the Framework Agreement, which was not in effect at any time relevant herein but was extinguished in its entirety when Plaintiff ratified, and the parties executed, the October 1, 2021 – September 30, 2024 CBA.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's underlying Grievance is not actionable because Plaintiff failed to timely bring and prosecute the Grievance.

By: /s/W. Eric Baisden
W. Eric Baisden, #0055763
**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  ebaisden@beneschlaw.com

*Attorneys for Defendant Energy Harbor Nuclear Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 10, 2023.

/s/ *W. Eric Baisden*
*One of the Attorneys for Defendant Energy Harbor Nuclear Corporation*